Dole v. Adams

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         ROSEMARY S. POOLER,
         PETER W. HALL,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
C. MINOT DOLE,
         Plaintiff-Appellant,

         -v.-                                16-586

WILLIAM ADAMS,
         Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                THOMAS C. NUOVO, Bauer Gravel
                             Farnham, Colchester, VT.

FOR APPELLEE:                ADAM H. MILLER, Adam H.
                             Miller, PLLC, Huntington, VT.

1

Tomas A. Shpall, Rosenberg, Shpall & Zeigen, APLC, San Diego, CA, <u>on the brief</u>.

Appeal from an order of the United States District Court for the District of Vermont (Murtha, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

C. Minot Dole ("Dole") appeals from an order of the United States District Court for the District of Vermont (Murtha, <u>J</u>.) dismissing his claim alleging fraud in connection with a real estate investment transaction in violation of the Vermont Consumer Fraud Act ("VCFA"), Vt. Stat. Ann. tit. 9, §§ 2451 <u>et seq</u>.[1] We review de novo the grant of judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). <u>Morris v. Schroder Capital Mgmt. Int'l</u>, 445 F.3d 525, 529 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The VCFA prohibits "[u]nfair methods of competition in commerce and unfair or deceptive acts or practices in commerce."

---

[1] The statute was renamed after Dole initiated the instant action and is now known as the Vermont Consumer Protection Act.

Vt. Stat. Ann. tit. 9, § 2453. The district court held that Dole's claim failed because the transaction at issue -- Dole's purchase and leaseback of seventeen properties in Texas from a company called DIS Partners -- was not "in commerce." We agree for substantially the same reasons stated in the district court's opinion. See Dole v. Adams, 2015 WL 2184130, at *3, 2015 U.S. Dist. LEXIS 62820, at *6-9 (D. Vt. May 11, 2015).

At least two features of the transaction combine to take it outside the scope of "in commerce" as that term is used in the VCFA. First, DIS Partners did not extend its real estate investment offer to the public at large. See Foti Fuels, Inc. v. Kurrle Corp., 195 Vt. 524, 536 (2013) ("To be considered 'in commerce,' the transaction must take place in the context of an ongoing business in which the defendant holds himself out to the public." (internal quotation marks and alterations omitted)). Rather, the offer was made available to a limited group of "Accredited Investors" (defined by their high net worth or income) through a "Confidential Private Placement Memorandum." Second, the transaction was tailored to meet Dole's particular tax need to find a suitable like-kind exchange for a building he owned, and it featured special lease terms

3

and separately negotiated promissory notes.  See id. at 537-38 (finding the "in commerce" element unmet in part because of the transaction's "high level of customization").  Given the relatively private and individualized nature of the transaction, the alleged fraudulent conduct did not "have a potential harmful effect on the consuming public, and thus [did not] constitute a breach of a duty owed to consumers in general."  Id. at 536.

Accordingly, we hereby **AFFIRM** the judgment of the district court.

```
                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK
```